Mayra Nohemi BARRIOS–BAUTISTA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 03–72503, 04–71271.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Filed March 10, 2006.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Esq., Vellanoweth & Gehart, LLP, Elena Yampolsky, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Leslie McKay, Jennifer A. Parker, Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Petitioner Mayra Nohemi Barrios–Bautista, a native and citizen of Guatemala, seeks review of two orders issued by the Board of Immigration Appeals ("BIA") denying Petitioner's motions to reopen. We deny the petitions for review in part and dismiss in part.

After a hearing, an immigration judge and, on appeal, the BIA denied Petitioner's application for cancellation of removal. Petitioner did not request judicial review of that decision. Instead, she later filed two motions to reopen. We review for abuse of discretion the BIA's denial of a motion to reopen. *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir.2004). We review de novo claims of due process violations during removal proceedings. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004).

1. Petitioner's first motion to reopen contained evidence concerning the same hardship ground as her application for cancellation of removal. The question presented was "essentially the same discretionary issue originally decided." *Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.2006). Thus, we lack jurisdiction to review the denial of the motion. *Id.*

2. The BIA did not abuse its discretion in denying Petitioner's second motion to reopen because, among other reasons, Petitioner was then statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229c(d). She failed to depart voluntarily within the time that had been allowed.

---

*See de Martinez v. Ashcroft,* 374 F.3d 759, 763–64 (9th Cir.2004).

3. Petitioner's due process claim is, in essence, another form of her argument that the BIA erroneously denied her claim of hardship. This argument is unpersuasive because the standard that the BIA applied was consistent with due process. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006–07 (9th Cir.2003) (holding that the BIA did not violate due process because its interpretation of the hardship standard fell within the "broad range authorized" by statute). Petitioner does not contend that she was prevented from presenting her case, denied a full and fair hearing before an impartial tribunal, or otherwise denied a basic due process right. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) (stating standard).

4. We lack jurisdiction to review the BIA's decision not to reopen sua sponte. *Ekimian v. INS,* 303 F.3d 1153, 1159–60 (9th Cir.2002).

Petitions DENIED in part and DISMISSED in part.

---

\* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts